FILED
CLERK
11/26/2018 12:02 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
JAMES TOMASSI,

                Plaintiff,

    -against-

NEW YORK STATE, NEW YORK STATE DEPARTMENT
OF MOTOR VEHICLES, State Campus, Albany, NY,
SUFFOLK COUNTY CLERK, VILLAGE OF HEMPSTEAD
COURT CLERK,

                Defendants.
------------------------------------------------------------------------X

**ORDER**
17-CV-3878 (JMA) (AKT)

**AZRACK, United States District Judge:**

      On June 28, 2017, *pro se* plaintiff James Tomassi ("plaintiff") filed a complaint in this Court against New York State, the New York State Department of Motor Vehicles, State Campus, Albany NY ("NYDMV"), the Suffolk County Clerk ("County Clerk"), and the Village of Hempstead Court Clerk ("Village Clerk" and collectively, "defendants") together with an application to proceed *in forma pauperis*. On July 11, 2017, plaintiff filed an order to show cause seeking the entry of a temporary restraining order and a preliminary injunction (the "motion"). (See Docket Entry No. 6.) By Order also dated July 11, 2017, the Court denied the motion finding that plaintiff had not made a showing of a likelihood of success on the merits or irreparable harm.

      Upon review of the application to proceed *in forma pauperis*, the Court finds that plaintiff is qualified by his financial status to commence this action without prepayment of the filing fee and therefore the Court grants plaintiff's request to proceed *in forma pauperis*. However, the Court *sua sponte* dismisses the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) for the reasons that follow.

## I. BACKGROUND

All material allegations in the complaint are assumed to be true for the purpose of this Order. See Rogers v. City of Troy, 148 F.3d 52, 58 (2d Cir. 1998) (finding that when reviewing a *pro se* complaint for *sua sponte* dismissal, a court is required to accept all material allegations as true). Plaintiff's brief complaint alleges the following, in its entirety:

> Several times, Court clerks have made errors in my record. This has caused my driving abstract to become felony status. Who, if not the Courts would be accountable for these errors which have impacted so heavily on my freedom. The local courts have refused repeatedly to rectify this situation. Apparently, there are many such cases, but this is not acceptable. I am sure that Judges use this information to render their decisions.
>
> I have, myself been charged with several felonies, and spent an inordinate amount of time in jail because of these matters.
>
> The first incident occurred when a clerk in Central Islip "forgot" tp [sic] notify Albany when a case was dispoed [sic] in 2009. It appeared on my abstract as a "pending prosecution" in 2015, 6 years later. Finally when I brought it to the attention of my mother, she went to the clerk to make sure Albany was notified immediately. I was at that time in jail because of it.
>
> The second incident was when three traffic tickets written in Village of Hempstead. The clerk of that Court did not notice that plainly written on the face of the tickets was "return to First District Court, 99 Main Street, Hempstead, NY." She put them on the village calendar anyway, never notified me, and they became a suspension because I didn't appear in court. It was counted as 2 dates.
>
> One would expect Court records to be accurate and to be assured that prosecution on misinformation would be considered a Civil Rights Violation and not sustainable.
>
> I respectfully request of the Court to dismiss the "fraudulent felonies" (those which are the result of these errors) see attached, and to expunge them and any resulting felonies from my record, and to be compensated for any time spent in jail as a result, and to be reimbursed for the fines paid as a result.

(Compl. at 2-3.) Annexed to the complaint are fourteen (14) pages of exhibits that appear to include copies of plaintiff's traffic tickets, records relating to plaintiff's underlying traffic offenses and their disposition thereof, as well as an Article 78 Petition he filed in the New York State Supreme Court, Suffolk County, on April 14, 2017. (See Compl. at 4-17.)

2

## II. DISCUSSION

**A.  *In Forma Pauperis* Application**

Upon review of plaintiff's declaration in support of the application to proceed *in forma pauperis*, the Court finds that plaintiff is qualified to commence this action without prepayment of the filing fee. 28 U.S.C. § 1915(a)(1). Therefore, plaintiff's application to proceed *in forma pauperis* is granted.

**B.  Standard for Dismissal**

Pursuant to the *in forma pauperis* statute, a court must dismiss an action if it determines that it "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

**1.  Immunity**

Pursuant to the Eleventh Amendment, "an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another state." Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984) (citing Emps. v. Mo. Pub. Health & Welfare Dep't, 411 U.S. 279, 280 (1973)). "[A]bsent waiver or valid abrogation, federal courts may not entertain a private person's suit against a State." Va. Office for Prot. & Advocacy v. Stewart, 563 U.S. 247, 254 (2011); see also Pennhurst State Sch. & Hosp., 465 U.S. at 100-01 (holding that the Eleventh Amendment bars both suits for damages and injunctive relief). The Supreme Court has held that the Eleventh Amendment gives a State immunity from suit, not just from liability. Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, 506 U.S. 139, 144 (1993) (citation omitted). This immunity extends to agencies and departments of the states, including the NYDMV. Feingold v. State of New York, 366 F.3d 138, 149 (2d Cir. 2004) (affirming dismissal of § 1983 claim against NYDMV as barred by Eleventh Amendment); Rubin

v. N.Y. State Dep't of Motor Vehicles, No. 10-CV-4119, 2010 WL 3842011, at *1 (E.D.N.Y. Sept. 28, 2010) (dismissing claims against NYDMV as barred by Eleventh Amendment). A State's sovereign immunity "affects . . . subject matter jurisdiction" and so, may be raised *sua sponte*. Atlantic Healthcare Benefits Trust v. Googins, 2 F.3d 1, 4 (2d Cir. 1993).

Here, plaintiff names New York State and the NYSDMV as defendants. Although plaintiff does not allege that his claims arise under any particular law, given his reference to "civil rights violation[s]", the Court liberally construes his claims against the defendants as brought pursuant to 42 U.S.C. § 1983 ("Section 1983"). It is long established that New York has not consented to suits brought under Section 1983 in federal court. Trotman v. Palisades Interstate Park Comm's, 557 F.2d 35, 38-40 (2d Cir. 1977). Furthermore, the Supreme Court has long held that Section 1983 was not intended to override a State's sovereign immunity. Quern v. Jordan, 440 U.S. 332, 343-45 (1979). Thus, as is readily apparent, plaintiff's claims against the State of New York, and an agency thereof, the NYDMV, are barred by the Eleventh Amendment. Because plaintiff's Section 1983 claims against the State of New York and the NYDMV are not plausible, they are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)-(iii).

**2.  Claims Against the County Clerk and the Court Clerk**

Plaintiff's claims against the County Clerk and the Court Clerk call into question the validity of his underlying criminal convictions and are barred by Heck v. Humprey, 512 U.S. 477 (1995). In Heck, the United States Supreme Court held that a claim for money damages is not cognizable under Section 1983 if a decision in favor of the plaintiff would necessarily invalidate a criminal conviction unless that "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal . . . . , or called into question by a federal court's issuance of a writ of habeas corpus." 512 U.S. at 486-87 (citation omitted). It is well-established under Heck that a plaintiff must allege and prove that his state court conviction

4

or sentence has been invalidated before he can seek and recover damages under Section 1983. See Tavarez v. Reno, 54 F.3d 109, 110 (2d Cir. 1995) ("A claim for damages based on a conviction or sentence that has not been invalidated [...] is not cognizable under § 1983.") (citing Heck, 512 U.S. at 486-87).

Here, plaintiff has not alleged that his conviction "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Id. (quoting Heck, 512 U.S. at 487). Thus, Heck's bar precludes review of plaintiff's remaining Section 1983 claims. Moreover, to the extent that plaintiff seeks to have the "fraudulent felonies" dismissed and expunged from his records, such relief is beyond the scope of Section 1983. Rather, such relief is available exclusively via a properly exhausted and timely filed petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Heck, 512 U.S. at 481 ("habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983"); Jenkins v. Daubert, 179 F.3d 19, 23 (2d Cir. 1999) ("[W]here the fact or duration of a prisoner's confinement is at issue, § 1983 is unavailable, and only [habeas relief under 28 U.S.C.] § 2254(b) with its exhaustion requirement may be employed.") Given that plaintiff's remaining Section 1983 claims are barred from review at this juncture, they are not plausible and are thus dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**D.     Leave to Amend**

A *pro se* plaintiff should ordinarily be given the opportunity "to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Shomo v. City of New York, 579 F.3d 176, 183 (2d Cir. 2009) (quoting Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795 (2d Cir. 1999)). Indeed, a *pro se* plaintiff who brings a civil rights action

"should be 'fairly freely' afforded an opportunity to amend his complaint." Boddie v. N.Y. State Div. of Parole, No. 08-CV-911, 2009 WL 1033786, at *5 (E.D.N.Y. Apr. 17, 2009) (quoting Frazier v. Coughlin, 850 F.2d 129, 130 (2d Cir. 1988)). Yet while "*pro se* plaintiffs are generally given leave to amend a deficient complaint, a district court may deny leave to amend when amendment would be futile." Id. (citation omitted).

Here, the Court has carefully considered whether plaintiff should be granted leave to amend his complaint. Given that reasons for dismissal of plaintiff's claims are substantive and could not be cured in an amended complaint, amendment would be futile. Accordingly, leave to amend the complaint is denied.

### III. CONCLUSION

For the forgoing reasons, the plaintiff's application to proceed *in forma pauperis* is granted. However, plaintiff's complaint is dismissed *sua sponte* without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim for relief because the Eleventh Amendment bars plaintiff's claims against New York State and the NYDMV and plaintiff's remaining Section 1983 claims are barred by the Heck rule. The Clerk of the Court shall mail a copy of this Order to the *pro se* plaintiff and close this case.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

**SO ORDERED.**

Dated: November 26, 2018
       Central Islip, New York

                                                            /s/ (JMA)
                                                           Joan M. Azrack
                                                           United States District Judge